08CV5645
JUDGE DOW
MAGISTRATE JUDGE SCHENKIER
MHN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**STEVEN A. COLLIER,**

        Plaintiff,

        v.

**THE CITY OF CHICAGO,** an Illinois
municipal corporation, body politic and unit of
local government,

        Defendant.

Case No.:  2008-L-

Judge:  The Hon. D. Lacey
Calendar:
Room:  2203

2008L009607
CALENDAR/ROOM B
TIME 00:00
Tort - Intentional

**Jury Trial Respectfully Demanded**

## COMPLAINT

    NOW COMES Plaintiff Steven A. Collier (hereinafter, "Plaintiff"), by and through his

attorneys, Ávila & Tomic, LLC, and complains against Defendant The City of Chicago, Illinois

(hereinafter, "Defendant"). In furtherance whereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

    1.    The charges contained herein allege torts and contractual disputes governed by

Illinois law.

    2.    The events giving rise to Plaintiff's claims occurred principally within the

geographical boundaries of Cook County, Illinois. Living parties are residents of Cook County,

Illinois; the principal place of business or operation of non-living parties is Cook County,

Illinois.

### PARTIES

    3.    Plaintiff Steven A. Collier resides in the is an individual who has, at all times

relevant hereto, resided in the City of Chicago, in the County of Cook, in the State of Illinois,

1



and is a citizen of the United States. At all times relevant hereto, Plaintiff's address was 637 East Woodland Park Avenue, Apartment 704, Chicago (Cook County), Illinois. Nothing herein, however, constitutes a service address nor a direction to communicate directly with Plaintiff; all service to, and communication with, Plaintiff is to be made through Plaintiff's attorneys par usual.

4.      Defendant The City of Chicago (hereinafter, "Defendant") is an Illinois municipal corporation, body politic and unit of local government, operating throughout the territorial boundaries of the City of Chicago, within the Counties of Cook and DuPage. The centre of management, direction and administration of Defendant is City Hall, located at 121 North LaSalle Street, Chicago (Cook County), Illinois. Defendant was, at all times relevant hereto, acting under the colour of state law,

## STATEMENT OF FACTS

5.      Plaintiff was employed by Defendant from in or about June 1994 until on or about 13 September 2006, most recently as a hoisting engineer in Defendant's Department of Water. Plaintiff's principal place of employment was located in the City of Chicago (Cook County), Illinois.

6.      Plaintiff suffered, and continues to suffer, from multiple sclerosis. Plaintiff was unaware of that condition.

7.      Plaintiff unexpectedly became ill while on duty for Defendant on or about 21 August 2006. Plaintiff left work with Defendant's approval at that time.

8.    Defendant was under care of physicians from on or about 23 August 2006.  On or about 24 August 2006, Plaintiff was diagnosed with multiple sclerosis. On or about 25 August 2006, Plaintiff reported the diagnosis to Defendant.

9.    Plaintiff was not permitted by Plaintiff's physicians to return to work until on or about 19 September 2008.

10.    On 13 September 2006, Defendant terminated Plaintiff's city employment on the basis of failure to work or to communicate to Defendant Plaintiff's inability to work.

11.    Over the course of the succeeding two weeks, Plaintiff communicated with Defendant and provided medical documentation to Defendant.

12.    Defendant refused to reveres or nullify Defendant's termination of Plaintiff's city employment.

## COUNT I
## <u>Wrongful Termination</u>

13.    Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 12 hereof and adopts same collectively into this Paragraph 13 as if fully set forth herein.

14.    Defendant's termination of Plaintiff's city employment was wrongful and baseless.

15.    Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect the actions would have upon Plaintiff.

3

16. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff suffered actual economic damages, in that: a) Plaintiff ceased to receive wages; and b) Plaintiff's professional and work reputation were damaged, thereby impairing Plaintiff's ability to find employment.

17. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of plaintiff's estimated lost wages from 14 September 2008 until the date of restitution, in compensation for Defendant's wrongful termination of Plaintiff's city employment.

18. Plaintiff is entitled to receive from Defendant reversal of the termination of Plaintiff's city employment, with all seniority and benefits as if Plaintiff had remained continuously employed.

### COUNT III
### Defamation *Per Se*

19. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 12 hereof and adopts same collectively into this Paragraph 19 as if fully set forth herein.

20. Defendant's wrongful termination of Plaintiff's city employment was calculated to project defamatory misrepresentations regarding the integrity and work record of Plaintiff in order to harm the reputation of Plaintiff and Plaintiff's business and professional reputation.

21. Defendant's wrongful termination of Plaintiff's city employment constitutes defamation *per se* because this action deals with the business and professional reputation of Plaintiff. Additionally this action impugns Plaintiff's ability to find employment, and otherwise enjoy life in reasonable privacy; that said defamation has cast a strong stigma on Plaintiff's reputation, causing emotional and financial damage.

4

22. Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known by Defendant to be wrongful, with a reckless disregard for its wrongful nature and with the knowledge of the harmful effect the action would have upon Plaintiff.

23. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff's professional and work reputations were damaged.

24. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff.

### COUNT IV
### Defamation *Per Quad*

25. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 12 hereof and adopts same collectively into this Paragraph 25 as if fully set forth herein.

26. Defendant's wrongful termination of Plaintiff's city employment ascribed to Plaintiff personal and/or professional negligence in Plaintiff's work related duties for Defendant. That said false innuendo made by Defendant's action would lead a reasonable person to believe that Plaintiff was an incompetent person in Plaintiff's work related activities.

27. Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect Defendant's action would have upon Plaintiff.

28. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff suffered actual economic damages, in that Plaintiff's

professional and work reputation were damaged, and Plaintiff's ability to find employment has been impaired.

29.    Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quad* defamation of Plaintiff.

## COUNT V
## Intentional Infliction of Emotional Distress

30.    Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 12 hereof and adopts same collectively into this Paragraph 30 as if fully set forth herein.

31.    Defendant's wrongful termination of Plaintiff's city employment was without cause, and was callous and uncaring. Defendant was, as well, negligent and malicious in knowing how Defendant's actions would hurt the emotional well being of Plaintiff, particularly in light of Plaintiff's reduced physical, mental and emotional health whilst suffering from multiple sclerosis.

32.    The facts alleged demonstrate Defendant's extreme and outrageous conduct, the intensity and duration of Defendant's conduct, and the direction of Defendant's officers, managers and agents to attack and harass Plaintiff concerning Plaintiff's work record.

33.    These extreme and outrageous actions have hindered Plaintiff's employment opportunities and affected Plaintiff's reputation and employability.

34.    As a proximate result of one or more of these intentional acts or omissions, Plaintiff sustained and continues to sustain extreme and emotional distress.

6

35.     Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress.

### COUNT VII
### Violation of the Americans With Disabilities Act

36.     Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 12 hereof and adopts same collectively into this Paragraph 36 as if fully set forth herein.

37.     Defendant violated the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) by refusing to provide reasonable accommodations to Plaintiff such as, *inter alia*:

      a.     Acknowledging Plaintiff's notice to Defendant of Plaintiff's medical situation cancer treatment; and

      b.     Not terminating Plaintiff for failure to report for work when under medical orders to the contrary.

38.     Defendant knew such actions were wrongful and calculated to constructively deny Plaintiff's federally-guaranteed right to reasonable accommodation.

39.     Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's extortion of Plaintiff.

40.     Plaintiff is entitled to receive from Defendant punitive damages in an amount equal to or in excess of two million dollars (US$2,000,000.00) to dissuade Defendant and others from repeating Defendant's actions and omissions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays this honourable court enter judgement in favour of Plaintiff and against Defendant, specifically:

A.   Awarding Plaintiff:

(1)   an amount equal to or in excess of plaintiff's estimated lost wages from 14 September 2008 until the date of restitution, in compensation for Defendant's wrongful termination of Plaintiff's city employment;

(2)   interest on the compensation for Defendant's wrongful termination of Plaintiff's city employment, at the rate set by law, to commence from the date of accrual;

(3)   reversal of the termination of Plaintiff's city employment, with all seniority and benefits as if Plaintiff had remained continuously employed;

(4)   one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff;

(5)   interest on the compensation for Defendant's *per se* defamation of Plaintiff, at the rate set by law, to commence from 13 September 2006;

(6)   one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quod* defamation of Plaintiff;

(7)   interest on the compensation for Defendant's *per quod* defamation of Plaintiff, at the rate set by law, to commence from 13 September 2006;

(8)   one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress;

(9)   interest on the compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress, at the rate set by law, to commence from 13 September 2006;

(10)   One hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act;

(11)   punitive damages in an amount equal to or greater than two million dollars (US$2,000,000.00) to punish and deter Defendant and others from engaging in similar future violations of American citizens' rights under the Americans with Disabilities Act;

(12)   interest on the compensatory and punitive damages awarded on the basis of Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act, at the rate set by law, to commence from 13 September 2006;

(13)   costs and attorneys fees and related non-taxable expenses; and

B.   Granting such additional relief as this honourable court deems fit and appropriate.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury of all issues contained herein for which a jury trial is allowed.

Respectfully submitted,

STEVEN A. COLLIER,
Plaintiff

By One of His Attorneys

Firm No. 41101
Ávila & Tomic, LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois  60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**STEVEN A. COLLIER,**

      Plaintiff,

      v.

**THE CITY OF CHICAGO,** an Illinois
municipal corporation, body politic and unit of
local government,

      Defendant.

Case No.:    2008-L-_____

Judge:    The Hon. _____
Calendar:    _____
Room:    _____

**Jury Trial Respectfully Demanded**

### ATTESTATION

STATE OF ILLINOIS      }
                      } ss.
COUNTY OF COOK      }

**PLAINTIFF STEVEN A. COLLIER,** under penalties as provided by law, certifies that the
statements set forth in this instrument are true and correct, except as to matters therein stated to
be on information and belief and as to such matters the undersigned certifies that aforesaid he
believes to be true.

_____
Steven A. Collier,
Plaintiff

Subscribed and sworn to before me on this ___9___ day of __JuNE__, 2008. My
commission expires __September 28, 20 11__.

_____
Notary Public

OFFICIAL SEAL    {SEAL}
KINETTE JENNINGS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/28/11

10

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**STEVEN A. COLLIER,**

      Plaintiff,

      **v.**

**THE CITY OF CHICAGO,** an Illinois
municipal corporation, body politic and unit of
local government,

      Defendant.

Case No.: 2008-L-

2008L009607
CALENDAR/ROOM B
TIME 00:00
Tort - Intentional

Judge: The Hon. D. Larsen
Calendar:
Room: 2203

**Jury Trial Respectfully Demanded**

### NOTICE OF FILING

To:    The City of Chicago
        121 North LaSalle Street, Room 600
        Chicago, Illinois 60602-1244

PLEASE TAKE NOTICE that on this day, Plaintiff filed with the Clerk of the Circuit Court of
Cook County, the attached **Jury Demand** in the above-captioned case. A copy of same is hereby
served upon you.

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he this day caused a copy of the above Notice of
Filing and the document described thereon, to be served upon the party listed above by attaching
the same to the complaint and summons for service therewith; and further states that a courtesy
copy was delivered to the judge listed above.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements
set forth herein are true and correct.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**STEVEN A. COLLIER,**

      Plaintiff,

      v.

**THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government,

      Defendant.

Case No.:  2008-L-*9607*

Judge:  The Hon. *D. Larsen*
Calendar:  *B*
Room:  *2203*

**Jury Trial Respectfully Demanded**

### JURY DEMAND

NOW COMES Plaintiff and respectfully demands a jury trial. Fee was paid to the Clerk of the Circuit Court at the time this demand was filed.

      Respectfully submitted,

      STEVEN A. COLLIER, Plaintiff

      by:

      One of His Attorneys

Attorney Code 41101
ÁVILA & TOMIC LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

STEVEN A. COLLIER,

        Plaintiff,

       v.

THE CITY OF CHICAGO, an Illinois
municipal corporation, body politic and unit of
local government,

        Defendant.

Case No.: 2008-L-

Judge: The Hon. _D. Larsen_
Calendar: _B_
Room: _2203_

**Jury Trial Respectfully Demanded**

2008L009607
CALENDAR/ROOM B
TIME 00:00
Tort - Intentional

## NOTICE OF FILING

To:   The City of Chicago
      121 North LaSalle Street, Room 600
      Chicago, Illinois 60602-1244

PLEASE TAKE NOTICE that on this day, Plaintiff filed with the Clerk of the Circuit Court of
Cook County, the attached **Appearance** in the above-captioned case. A copy of same is hereby
served upon you.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he this day caused a copy of the above Notice of
Filing and the document described thereon, to be served upon the party listed above by attaching
the same to the complaint and summons for service therewith; and further states that a courtesy
copy was delivered to the judge listed above.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements
set forth herein are true and correct.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **STEVEN A. COLLIER,** | |
| Plaintiff, | Case No.: 2008-L- _9607_ |
| v. | Judge: The Hon. _D. Larsen_ |
| **THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government, | Calendar: _B_ <br> Room: _2203_ |
| Defendant. | **Jury Trial Respectfully Demanded** |

## APPEARANCE

NOW COME attorneys Ávila & Tomic, LLC, and hereby enter an appearance on behalf of Plaintiffs, in the above-captioned case. The appearance fee was paid to the Clerk of the Circuit Court simultaneously with this filing.

Respectfully submitted,

STEVEN A. COLLIER, Plaintiff

by: _____
One of His Attorneys

Attorney Code 41101
ÁVILA & TOMIC LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile