# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 08-cv-5645 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Chicago's ("the City") motion to dismiss [41] for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion to dismiss [41] is denied.

**I.    Background**

Plaintiff, Steven A. Collier ("Collier"), filed this lawsuit in state court on August 28, 2008 [see 1]. The City subsequently removed the suit to this Court, and Collier subsequently amended his complaint [29]. The amended complaint names the City as well as two individual defendants who have not filed motions to dismiss—John Zander ("Zander") and Maureen Egan ("Egan").

According to Collier, whose well-pleaded factual allegations the Court accepts as true at the motion to dismiss phase (*Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), he began working for the City in 1994. Compl. ¶ 9. Most recently he worked in the Department of Water Management and held the title of Hoisting Engineer. *Id*. Then he got sick. On August 21, 2006, Collier became ill while at work. After following the pertinent City rules, Collier left work with the approval of his employer. During the next week, he was admitted to a hospital and

diagnosed with multiple sclerosis. *Id.* ¶¶ 10-12. Also during that period, Collier kept the City apprised of his goings on, notifying the City of the multiple sclerosis diagnosis. *Id.* ¶ 13.

A week after he became ill at work, on August 28, Collier made numerous telephone calls, including one to Zander, letting the City know that he would not be available for work. Compl. ¶¶ 14-15. Two days later, Collier was readmitted to a hospital for treatment of complications from multiple sclerosis. *Id.* ¶ 16. Then, on September 1, Collier submitted to the City instructions (apparently from his doctor), which included a return-to-work date of September 18. *Id.* ¶ 17.

But September 18 never came, or more accurately Collier was not afforded an opportunity to return to work: on September 13, the City fired Collier, stating in a letter that Collier had been absent for more than five days without notifying the City. Compl. ¶ 18. Subsequent discussions, in which Collier tried to inform the City about the numerous telephone calls that he had made and about the doctor's return-to-work letter, proved fruitless. The City reaffirmed its decision to fire Collier. *Id.* ¶¶ 19-22. On October 10, Collier filed a charge of discrimination with the Illinois Department of Human Rights ("IDHS"), and about a month later, Collier filed a grievance with the City through his union local. *Id.* ¶¶ 23-25.

Collier's complaint comprises seven counts. Count I alleges wrongful termination against all Defendants. Count III (there is no Count II) alleges defamation *per se* on the theory that the wrongful firing was a calculated misrepresentation about Collier's integrity and work record; that Count names only Defendants Egan and Zander. Count IV alleges defamation *per quod* on the theory that the wrongful firing would lead a reasonable person to believe that Collier was incompetent; the Count names only Defendants Egan and Zander. Count V alleges intentional infliction of emotional distress for the "callous and uncaring" termination of Collier's

employment; the count names only Defendants Egan and Zander. Count VII (there is no Count VI) names all Defendants and alleges that the City violated the Americans with Disabilities Act ("ADA") when it refused to provide reasonable accommodation for Collier's "medical situation cancer treatment [sic]." Count VIII alleges that Defendants Egan and Zander committed fraud when they fired Collier. Count IX alleges that Defendants Egan and Zander engaged in a conspiracy to wrongfully terminate Collier's employment. Collier seeks lost wages, interest, reinstatement, punitive damages, and attorneys fees and costs.

## II.     The City's Motion

The City's motion seeks to dismiss Collier's complaint in its entirety. That is not possible, as the City brought the motion only on behalf of itself, and the City is named in only two of the seven counts. In pertinent part, the City argues that (1) Plaintiff failed to plead that he exhausted his administrative remedies, (2) Plaintiff is not permitted to sue Egan and Zander under the ADA; (3) Zander and Egan cannot be sued under Count I in their official capacity; (4) all of Collier's state law claims are time barred; and (5) Collier's request for punitive damages under the ADA should be stricken because the City is immune from such damages by statute and because Zander and Egan cannot be sued at all under the ADA.

## III.    Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In analyzing a motion to dismiss, the factual universe generally is defined by the Plaintiff's complaint: the Court accepts as true all of the well-pleaded facts alleged by the Plaintiff and all reasonable inference that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The pleading principles that *Twombly* clarified, like the Federal Rules of Civil Procedure in general, apply "in all civil actions." Fed. R. Civ. P. 1; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).

**IV.   Analysis**

At the outset, and as noted above (see *supra* Part II), the Court does not consider arguments related to Zander and Egan. The motion to dismiss was not filed on behalf of them and indeed no attorney has filed an appearance on their behalf. Thus the Court considers only those counts and arguments that pertain to the City. Those arguments are that (1) under Count VII, the ADA claim, the motion to dismiss must be granted because Collier failed to plead that he exhausted his administrative remedies and (2) Count I, the state law wrongful termination claim, is time-barred.

A.      Exhaustion

Failure to exhaust administrative remedies in an ADA case is an affirmative defense. *Salas v. Wisc. Dept. of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove."). Normally, it is inappropriate to grant a motion to dismiss based on a defendant's affirmative defense, unless a plaintiff pleads itself out of court. See, *e.g.*, *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"). One example of this is where a plaintiff's complaint reveals that it is "hopelessly time-barred." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal appropriate where the hopeless nature of the matter is "clear from the face of the amended complaint"). In this case, Collier pleaded that he filed a charge with IDHS. Compl. ¶ 23. Such charges are shared with the EEOC pursuant to a work sharing agreement between the agencies, and consequently a plaintiff need not file charges with both agencies. *Id.*; see also *Marlowe v. Bottarelli*, 938 F.2d 807, 809, 814 (7th Cir. 1991) ("self-executing" work share agreement between IDHS and the U.S. Equal Employment Opportunity Commission). The City, however, contends that Collier neither pleaded that he received a right-to-sue letter nor pleaded that he filed his complaint within 90 days of receiving such a letter.

That argument is hardly a silver bullet. The Federal Rules of Civil Procedure establish a notice-pleading system. *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply."). Consistent with that system, whose standards the Seventh Circuit have "emphasized repeatedly" (*id.*), a plaintiff need not

plead that he or she exhausted administrative remedies before filing suit. *Graham v. United Parcel Svc.*, 519 F. Supp. 2d 801, 807 (N.D. Ill. 2007) (ADA case). Therefore, the City's motion to dismiss Count VII is denied.[1]

### B. Wrongful Termination

Likewise, it would be inappropriate to dismiss the claim for wrongful termination at this time. Collier's complaint says that he received a letter in September 2006, which told him that he was fired, and the complaint further indicates that Collier resorted to a grievance process. Compl. ¶ 24. The details of the grievance process are not discussed in the complaint, which among other things does not say when the grievance process concluded. The complaint states only that the city denied the grievance after November 1, 2006, "[o]n a date uncertain." *Id.* ¶ 25. Further complicating the matter is that there appear to be multiple bases for bringing a "wrongful termination" action under Illinois law and the City's motion to dismiss does not hold Collier's feet to the fire on what his theory is, nor does the City's motion address when the cause of action for Collier's claim began to accrue. The answer to that question may not be obvious and may implicate disputed factual issues. See George L. Blum, *When Statute of Limitations Commences to Run as to Causes of Action for Wrongful Discharge*, 19 A.L.R.5th 439 (1994) (surveying the case law on wrongful discharge among the states and observing that "determining when the limitations period commences may be a difficult problem"); *Ericksen v. Vill. of Willow Springs*,

---

[1] Plaintiff's response brief is at odds with his complaint on this point, suggesting that Plaintiff did not file a charge with the EEOC. The Court does not construe the discrepancy as a judicial admission, although if the representation in the response brief is accurate then it may provide fertile ground for summary judgment under Federal Rule of Civil Procedure 56. For that reason, it is unnecessary to take up the City's punitive damages argument at this time. The one statute cited by the City does not support its argument, the City has presented no meaningful argument on the question, and the issue is the subject of a split in authority among the courts. See *Doe v. County of Centre, PA*, 242 F.3d 437, 454 (3d Cir. 2001) (collecting cases). The City may renew its punitive damages argument at a subsequent point in the litigation, should the case proceed to a point at which it becomes necessary to do so.

660 N.E.2d 62, 66-67 (Ill. App. Ct. 1995) (noting, in an employment context, that determining when a person should have known of his injury is a question of fact).

There does not appear to be a standalone, Illinois state-law tort of "wrongful termination." Rather, wrongful termination as the term has been used in various Illinois cases, may relate to more than one legal theory. For example, it may refer to contracts (see generally, *e.g.*, *Evans v. Gurnee Inns, Inc.*, 645 N.E.2d 556 (Ill. App. Ct. 1994)), retaliatory discharge (*Turner v. Memorial Med. Center*, 911 N.E.2d 369, 374-75 (2009) ("wrongful discharge")), or discriminatory discharge (*id.*). But *cf. Klinker v. County of Du Page*, 770 N.E.2d 734, 737 (Ill. App. Ct. 2002) (referring to, without discussing the contours of, a "wrongful termination" claim that the court declined to consider because it was waived). If Collier was operating under a collective bargaining agreement ("CBA") and not as an at-will employee, then the CBA might say when Collier's termination became final. In more than one case, the Illinois Appellate Court has intimated that the statute of limitations for a claim brought pursuant to a CBA would not begin to run until the grievance process was finished. *Zelenka v. City of Chiago*, 504 N.E.2d 843, 847 (Ill. App. Ct. 1987); see also *Krecek v. Bd. of Police Comm'rs of La Grange Park*, 646 N.E.2d 1314, 1320 (Ill. App. Ct. 1995) (ruling that the statute of limitations on a wrongful discharge claim had been running during an administrative review because that review "had nothing to do with her * * * wrongful discharge claim[]").

Without more information, information which is neither contained in Collier's complaint nor clarified by the parties' briefs, the Court declines to attempt to fix in time the point at which the statute of limitations began to run. Again, under the Federal Rules of Civil Procedure, Collier only had to let the City know what conduct the City engaged in that Collier believes to be actionable. He did not have to inform the City of his legal theories, and it is the City's job to

establish its affirmative defenses. *Shah*, 314 F.3d at 282. Although it may appear that Collier's action is time barred, there are embedded issues, which are unaddressed by the parties and which may implicate evidentiary materials extrinsic to the pleadings. Things may appear a bit bleak, but it is not obvious that the matter is "hopeless" (*Cerberus*, 559 F.3d at 675) for Collier. Therefore, the Court denies the City's motion to dismiss Count I of Collier's complaint.

**V.     Conclusion**

For the foregoing reasons, the City's motion to dismiss [41] is denied.

Dated:  February 4, 2010

_____
Robert M. Dow, Jr.
United States District Judge