# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5645 | **DATE** | 9/20/2011 |
| **CASE TITLE** | Collier vs. The City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for extension of time to file notice of appeal [88] is respectfully denied on the ground that the Court lacks jurisdiction to consider the motion.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

**I.  Background**

On May 23, 2011, this Court issued a memorandum opinion and order [75] granting summary judgment for Defendants and against Plaintiff on Plaintiff's sole federal claim under the Americans With Disabilities Act and dismissing Plaintiff's remaining state law claims without prejudice.  Judgment was entered on the same date [76].

On June 21, 2011, Defendant City of Chicago timely filed a bill of costs and supporting materials [77].  On July 12, 2011, Plaintiff – through Attorney David Miley, who had represented Plaintiff since March 2009 [see 30] – filed objections [80] to the bill of costs based in part on Plaintiff's inability to pay.  On July 22, 2011, Mr. Miley filed on behalf of Plaintiff an *in forma pauperis* affidavit and financial affidavit (executed by Plaintiff on July 16) [82] to demonstrate Plaintiff's financial circumstances.

On July 22, Plaintiff also filed a motion to substitute the appearance of new counsel, Teresa Searcy Woods [83].  On July 29, 2011, the Court entered an order [86] in which it (1) granted the motion to substitute and (2) declined to impose costs on Plaintiff in view of Plaintiff's indigence.  Although only one motion was filed by Plaintiff on July 22, the notice of motion that accompanied the motion to substitute counsel [84] also stated that Plaintiff had filed a motion to extend the time for filing a notice of appeal.

On July 29, the Clerk's Office placed on the docket an entry entitled "Notice of Correction" [87] noting the apparent filing error.  On August 4, substitute counsel filed a motion for extension of time to file a notice of appeal [88].  After an extended discussion with counsel during the August 16 hearing on the motion, the Court set a briefing schedule, pursuant to which counsel have provided their clients' respective positions [92, 97] on the motion.

# STATEMENT

## II. Analysis

If a party wishes to appeal but has failed to file a notice of appeal within the initial 30 day time period allowed under Federal Rule of Appellate Procedure 4(a)(1)(A), Rule 4(a)(5) authorizes a district court to extend the time to appeal "if a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the party "shows excusable neglect or good cause."

The timely filing of a notice of appeal is "mandatory and jurisdictional" and courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 212-14 (2007); see also *Buggs v. Elgin, Joliet & E. Ry. Co.*, 852 F.2d 318, 323 (7th Cir. 1988) (any extension of the jurisdictional requirement that a notice of appeal be filed within 30 days "must not exceed 30 days from the original filing date"); *United States ex rel. Leonard*, 788 F.2d 1238, 1240 (7th Cir. 1986) (explaining that Rule 4(a) "prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely *motion* requesting an extension of time") (emphasis added); see also *id*. (noting that the fact that the appellant is "proceeding *pro se* does not warrant an exception to the Rule"). Plaintiff takes the position that even though no motion was filed within sixty days of the entry of judgment, the Court still may extend the time for Plaintiff to appeal because "the Notice of Motion was properly filed with the Court" on July 22, 2011 – the last possible day for seeking an extension of time under Rule 4(a)(5).

Unfortunately for Plaintiff, the Court cannot find any authority for accepting a notice of motion as the functional equivalent to the motion itself. Neither of the Supreme Court cases cited by Plaintiff – *Smith v. Barry*, 502 U.S. 244 (1992), and *Foman v. Davis*, 371 U.S. 178 (1962) – support that proposition. Indeed, in the context of a motion for extension of time to file a notice of appeal, any motion or functional equivalent thereof must contain, at a minimum, some statement of "excusable neglect or good cause." Consistent with that plain language proposition, the case law uniformly holds that, at least in civil cases [FN 1], "a formal motion for an extension of time * * * must be filed in the district court" (*Sanders v. United States*, 113 F.3d 184, 186 (11th Cir. 1997)), and "a bare notice of appeal" alone will not be treated as the motion required under the Rule (*Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 n.1 (2d Cir. 1998). See also *United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 956 (9th Cir. 2010) ("in refusing to treat a notice of appeal as a motion for extension of time under Rule 4(a)(5), we agree with all of the other circuits that have ruled on the issue) (citing, *inter alia*, the Seventh Circuit's decision in *United States ex rel. Leonard*, 788 F.2d at 1239-40); 16A Charles Alan Wright, et al., Federal Practice & Procedure 3950.3 (4th ed. 2011) ("Rule 4(a)(5) can be read to require a certain level of formality and thus to justify the courts' view that a bare notice of appeal, untimely filed, cannot be taken as a Rule 4(a)(5) motion for an extension"). Here, of course, Plaintiff did not timely file either the "formal motion" contemplated by Rule 4(a)(5) or even a "bare" notice of appeal; rather, Plaintiff filed a notice of motion. If a "bare" notice of appeal is not sufficient to invoke Rule 4(a)(5), *a fortiori*, a "bare" notice of motion is not either.

> [FN 1] A different, and more generous, rule applies in criminal cases, where a district court is obliged to treat an untimely notice of appeal as a motion for an extension of time to appeal. See *Cohen*, 142 F.3d at 118 n.1.

There might be more room for debate if, for example, Plaintiff had filed a document styled "notice of appeal" (or even "notice of motion") in which he set forth his excuse for missing the original thirty-day deadline. Such a document would have been more robust than the "bare" notice of appeal that the courts consistently have found wanting and may have provided enough information that the Court could have construed the "notice" as a "motion." However, the notice of motion filed in this instance in no way complied with

| STATEMENT |
|---|

substance of Rule 4(a)(5); or, put differently, the deficiency in Plaintiff's filing went well beyond, in Plaintiff's words, being "technically at variance with the letter" of the rule.

Plaintiff also may have had a stronger argument had his counsel been able to document her attempt to file an actual motion for extension of time to file a notice of appeal. At the motion hearing, counsel stated that she believed that she filed both the motion to substitute counsel and the motion for extension of time to file a notice of appeal through the Court's electronic filing system, but for some reason only the former motion, along with the notice of motion, was docketed on that date. In response, the Court suggested that counsel look for some evidence on her computer of the failed effort to upload the second motion. The Court analogized to the pre-electronic filing era, when parties routinely retained a "file-stamped" copy of pleadings as proof of timely filing in the event that the official court docket contained no record of a document. If Plaintiff could have made a plausible showing that, for example, her attempt to electronically file an actual motion was thwarted by a computer glitch in the Clerk's Office, the Court may have been able to analogize the circumstances to an unexpected closing of the Clerk's Office. Even that scenario would have remained problematic for Plaintiff had counsel not tried to refile again the following day. In any event, apparently counsel could find no such evidence, for none was tendered with her post-hearing brief.

Why Plaintiff – who had actively contested the bill of costs with the assistance of prior counsel during the ten days prior to July 22 – waited until the last day to seek an extension of time is puzzling. Even if Plaintiff did not intend to proceed on appeal with prior counsel, Plaintiff could have directed his then-existing counsel to file a notice of appeal, or even a motion for extension of time to file a notice of appeal. "Counsel have an obligation to file a notice of appeal if asked." *Gilbert v. General Motors Corp.*, 914 F.2d 260, 1990 WL 132270, at *1 (7th Cir. Sept. 12, 1990) (unpublished). Moreover, even if prior counsel declined to pursue an appeal, Plaintiff himself could have submitted the motion. One of the perils of delay is the absence of a margin for error. Had counsel experienced the difficulties with the electronic filing system that she reports a day earlier, she still would have had another day to remedy the problem before encountering the jurisdictional bar.

### III. Conclusion

In sum, Plaintiff neither filed a motion to extend the time for filing a notice of appeal nor any document that conceivably could be considered the functional equivalent of such a motion until August 4, 2011. Nor has Plaintiff submitted any evidence of a thwarted attempt to file his motion on or before the July 22, 2011 deadline. And, for the reasons stated above, the documents that he did file on July 22 simply do not satisfy the Rule. See Fed. R. App. P. 4(a)(5) (requiring the submission of a motion and a showing of excusable neglect or good cause); Fed. R. App. P 25(a)(2)(A) ("[F]iling is not timely unless the clerk receives the papers within the time fixed for filing"). In these circumstances, the Court has no discretion to extend the time for Plaintiff to appeal and therefore must deny Plaintiff's motion [88].