# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5645 | **DATE** | 10/9/2012 |
| **CASE TITLE** | Collier vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider [100] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On May 23, 2011, the Court granted summary judgment [74] for Defendant on Plaintiff's ADA claim and dismissed the remaining state-law claims without prejudice. The Court's opinion [75] explained in detail why Plaintiff could not establish that he was a qualified individual with a disability at the time of his termination from employment with the city. Ten months later, in a short motion with no accompanying memorandum of law, Plaintiff has moved for reconsideration [100]. For the reasons stated below, Plaintiff's motion [100] is denied.

A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). While the Federal Rules of Civil Procedure allow a movant to bring to a court's attention a manifest error of law, it "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Plaintiff brings his motion under Rule 60(b)(6). Rule 60(b)(6), however, is Rule 60(b)'s catch-all provision and is not an appropriate source of relief when one of the other subsections of Rule 60(b) could apply. See Fed. R. Civ. P. 60(b)(6) (the court may relieve a party from a final judgment for "any *other* reason that justifies relief" (emphasis added)); *Brandon v. Chicago Bd. of Ed.*, 143 F.3d 293, 295 (7th Cir. 1998) ("Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive.") (citing *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir. 1989)). Thus, the Court disregards subsection (6) as a proper basis for Plaintiff's Rule 60(b) motion.

Plaintiff's main argument is that his employer did in fact know about his disability at the time that he was terminated. To support this claim, he refers to a letter that he claims to have provided to his employer

**STATEMENT**

approximately two weeks before his termination. Plaintiff's motion therefore fits best under Rule 60(b)(2), which allows the Court to relieve a party from judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." In order to obtain relief under Rule 60(b)(2), the movant must produce newly discovered evidence as well as demonstrate that the newly discovered evidence could not have been discovered before the entry of judgment. See *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433-34 (7th Cir. 1996).

Here, Plaintiff does not argue that the evidence he points to — a letter telling his employer he was disabled — could not have been discovered before entry of judgment. Moreover, Plaintiff states in his motion that he produced what he takes to be the critical letter in response to Defendant's first set of document requests. That means, of course, that he had the letter before judgment was entered. He is not entitled to relief under Rule 60(b)(2).

Finally, Plaintiff states that he should be granted relief because he was having memory lapses at the time of his deposition and perhaps said things he should not have. This could be construed as a claim under Rule 60(b)(1), which allows the Court to relieve a party from judgment on "just terms" for "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). The Court considered his alleged memory loss in its summary judgment opinion, and Plaintiff's brief reference to it in his motion for reconsideration adds nothing to what the Court already understood. Without more, it is not a basis for Rule 60(b)(1) relief. See *Edwards-Brown v. Crete-Monee 201 Sch. Dist.*, 2012 WL 3192232, at *3 (7th Cir. Aug. 7, 2012); *McCormick v. City of Chicago*, 230 F.3d 319, 327-28 (7th Cir. 2000).

Plaintiff's motion to reconsider [100] is denied.